UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal Number 02-212(DWF/SRN)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. RICHARD SALINAS, Defendant. | ) | MEMORANDUM OF THE UNITED STATES IN RESPONSE TO LETTER FROM DEFENDANT SEEKING REDUCTION IN PAYMENTS TOWARDS HIS FINE |

By letter dated October 31, 2005 to a "Mr. Burger" at the Federal Bureau of Prisons, Mr. Salinas sought a reduction in his schedule of fine payments. Mr. Salinas asked Mr. Burger to see if "the Court" would reduce his payments to approximately one-third of what they are now. A copy of this letter was sent to the Court. The Clerk of Court's Office forwarded a copy of Mr. Salinas's letter to the United States Attorney's Office.

Mr. Salinas pled guilty before Judge Frank on March 12, 2003 to conspiring to distribute in excess of 500 grams of methamphetamine. On June 25, 2003, the Court sentenced Mr. Salinas to the custody of the Bureau of Prisons for 121 months. The Court did not order Mr. Salinas to pay a fine.[1] According to the Bureau

[1] Mr. Salinas's reference to a "fine" should probably be read broadly as encompassing all financial obligations the Bureau of Prisons may be seeking to collect from Mr. Salinas. Although this Court's sentence did not include a fine, Mr. Salinas may have been ordered to pay, through the Inmate Financial Responsibility Program ("IFRP"), other financial obligations, such as child support (which is collectible through the IFRP if it has been reduced to judgment by a state court, 28 C.F.R. § 545.11(a)(4)). It may be the collection of such monies to which Mr. Salinas is objecting.

of Prisons's website, Mr. Salinas is serving his sentence at FCI-Waseca.

At this point, the Court has not been presented with a justiciable question. Mr. Salinas has merely copied the Court, and the Court through its clerk's office has copied counsel, on a letter whose primary recipient is apparently a Bureau of Prisons employee. Should Mr. Salinas, following exhaustion of his administrative remedies, remain dissatisfied with his fine payment schedule, he could presumably approach the Court with a petition challenging the terms and conditions of his confinement, pursuant to 28 U.S.C. § 2241. Should such a petition be served, the United States would respond substantively.

Dated: November 21, 2005

Respectfully Submitted,

THOMAS B. HEFFELFINGER
United States Attorney

s/ John F. Docherty

BY: JOHN F. DOCHERTY
Assistant U.S. Attorney
Attorney ID No. 017516X